### Winfield S. Wells v. C. C. C. & St. L. Ry. Co.

### Benjamin F. Scheidler v. The Same.

**Which Multiple of Five May be Taken in Computing.**

The words in sec. 3374, Rev. Stat., defining railroad fares "that multiple of five nearest reached by multiplying the rate by the distance" means the multiple of five closest in proximity to the result thus obtained, whether it is above or below.

Error to the Court of Common Pleas of Seneca county.

The two cases have similar facts, and were submitted, considered, and disposed of together. The plaintiffs in error were plaintiffs below.

The C. C. C. & St. L. Ry. Co. was defendant there and here. The action by both plaintiffs, was to recover a penalty for overcharging, in the matter of fare charged the plaintiffs as passengers on defendant's railway, under the provisions of sec. 3374 and 3376, Rev. Stat. There are five causes of action set out in Wells' petition, and two in Scheidler's. Wells, for a first, second and third cause of action, states, that, in the due course of his business, he, at three different dates, to-wit: June 15th, July 12th and August 5, 1897, found it necessary to travel over defendant's railroad between the city of Tiffin and the village of Carey, Ohio, two stations on the said railroad. That on each occasion he purchased a ticket of defendant's agent. That such agent, at each time, charged and received, and plaintiff paid for each ticket, as fare, the sum of fifty cents; that the distance from Tiffin to Carey and *vice versa* is, by actual measurement, 15.6 miles, and no more. That the amount so charged and received and paid was more than defendant was, by law, entitled to charge for riding on said railway said distance. Similar allegations are made for a fourth and fifth cause of action. That plaintiff purchased a ticket from Tiffin to Berwick and from Berwick to Tiffin, stations on defendant's road, on the 4th of April, 1898; that defendant's agent charged and was paid for each ticket thirty cents, while the distance between said stations is only 8.62 miles. The statement is made that said charges of fifty and thirty cents were in excess of the rate allowed by law; whereby a right of action has accrued to plaintiff on each cause of action stated in the petition, and he prays judgment for $750.

In similar language, Scheidler's two causes of action are stated, to the effect that defendant company charged him as fare from Tiffin to Berwick, and from Berwick to Tiffin, the full sum of thirty cents for each fare, the distance being only 8.62 miles, the same being an overcharge, whereby a right of action has accrued to him, and he prays judgment for $300.

The defendant company interposed a general demurrer to each cause of action set out in each petition; that the facts stated do not constitute a cause, or causes of action against the defendant. The court of common pleas sustained the demurrer as against all the causes of action in both petitions, and plaintiffs not desiring to amend or further plead, the petitions were dismissed and judgment given against plaintiff for cost. Plaintiffs seek a reversal of the judgment by proceedings in error in this court.

Day, J.

The facts are plainly stated, and for purposes of the demurrer must be regarded as true. It is true, therefore, that the distance from Tiffin to Carey is 15.6 miles, and as fare for carrying plaintiff that distance, the defendant railway company charged and received, and plaintiff paid the sum of fifty cents; that between the stations of Tiffin and Berwick the distance is 8.62 miles, and the defendant company charged and received, as fare, the full sum of thirty cents from plaintiffs.

The law, sec. 3374, Rev. Stat., limits the rate of fare a railroad company demand and receive for carrying a passenger for a distance of more than eight miles, to not exceeding three cents per mile. The distance between the stations named, is more than eight miles, and the provision of the section plainly applies and limits the rate that may be demanded and received for transporting a passenger between them, to three cents per mile; so that it would seem to be a plain and very easy matter to

ascertain the lawful sum to be charged for the service rendered. As for instance: the one distance from Tiffin to Carey, 15.6 miles, multiplied by three cents, the lawful rate per mile, would make 46.8 cents that could with propriety be demanded and received as fare; while for the other distance, from Tiffin to Berwick, 8.62, miles, 25.86 cents might be demanded and received, and no more; and any sum charged and received in excess of these amounts, it follows, would be overcharges, and would subject the company exacting them to the penalty provided in sec. 3376, Rev. Stat., of $150 for each violation of its provisions. And such must, of necessity, be the ultimate conclusion of the matter, that the facts stated in the petitions, under the very plain provisions of the statute limiting the maximum amount of fare that can properly be demanded and received, to three cents per mile, constitute good causes of action entitling the plaintiffs to recover, unless there is something in the provisions of the last clause of sec. 3374, Rev. Stat., that materially modifies and changes the first part permitting the railroad company to demand and receive a greater rate than three cents per mile, in certain circumstances and conditions. Section. 3374, Rev. Stat., entire, is as follows:

Section 3374. "A company operating a railroad, in whole or in part, in this state, may demand and receive for the transportation of passengers on its road not exceeding three cents per mile, for a distance of more than eight miles; but the fare shall always be made that multiple of five nearest reached by multiplying the rate by the distance."

The last clause of the section certainly modifies, to an extent, the rigid provision of the first, and in some situations permits a greater rate, and in other and different situations, we think, requires a charge of slightly less than the maximum rate of three cents per mile. In the enactment of the section, the law-makers evidently had in mind some such situation as if described in the petitions, where, by reason of fractional parts of a mile, the proper and lawful fare to be demanded and received, would include the fractional part of a cent, making it difficult, if not impossible, to readily make change or to collect fare to the full extent allowed by the first provision of the section; and so, to relieve the situation, there was incorporated into the law the last clause of the section; thus establishing a rule, which, if reasonably understood and properly observed, will enable the carrier to practically collect fare to the full extent of the maximum limit fixed, and also be just and equitable to both the railroad company and its patrons. The provision is simple, easily understood; is fair, and will, we think, in the operation of a railroad extending a considerable distance, have the effect to equalize the fare paid and received, and make it approximately average the legal rate provided, of three cents per mile. It will never, in any event, permit an overcharge of more than two and one-half cents, or require a relinquishment of more than that sum, with the probabilities that the over and under charge will average very nearly the legal rate. Such a provision is altogether reasonable, just and convenient, and should be accepted and acted upon in good faith, by all the corporations for whose convenience, chiefly, it was made part of the section. But not so; for it appears the defendant company is not content with the plain provisions as formulated and popularly understood, but is seeking, through the medium of judicial interpretation, to have a view taken of the matter more favorable to its interests. It is, accordingly, through its counsel, urging the courts to construe and interpret that portion of the last

9 O C D 34

clause of the section 3374: "That multiple of five, nearest reached by multiplying the rate by the distance," to mean, that multiple of five nearest above or in advance, reached by the process of multiplying the rate by the distance; and to do this, it would be necessary for the court, by construction or judicial legislation, to interpolate into the section, substantially, the words ; in advance, or above—and to eliminate therefrom every reasonable suggestion of a multiple of five that could be nearest reached in any other direction. Such a construction would be a very strained one, and wholly without warrant. Unless the sense and meaning of the text is involved and obscure, there is no occasion for interpretation at all. The sense and meaning of the provision seems apparent. It is not in the least ambiguous or obscure; but all is plain and open and patent, so there is absolutely no call or excuse for interpretation. The phrase or wording: "That multiple of five nearest reached," means just that, and nothing more.

"Nearest," is immediately adjacent to—in closest proximity. "Reached" is stretched out or forth—extended. Neither word indicates direction. So when used in connection as in the clause of the section under consideration, they indicate the object in closest proximity—closest to—and reached by the least extension or stretching forth,—without reference to direction—in any direction. Therefore the wording: "that multiple of five nearest reached by multiplying the rate by the distance," clearly and plainly means the multiple of five in closest proximity to the result obtained by multiplying the rate by the distance, whether it be above or below, and whether it is reached by an extension, either upward or downward, from such result. If this holding is correct, then applying it to the facts appearing in the petition, it gives the following results:· The distance from Tiffin to Carey is 15.6 miles; this multiplied by the rate, three cents per mile, gives 46.8 cents. The multiple of five closest to this amount is 45; or, 45 cents the defendant company was authorized to demand and receive. Having charged fifty cents, there was an overcharge.

By a similar process, 8.62 miles, the distance between Tiffin and Berwick, multiplied by the rate per mile three cents, gives 25.86 cents. The multiple of five in closest proximity to this sum is 25, and in charging and receiving 30 cents, the·defendant company was guilty of an overcharge; for all of which it is liable to the discipline provided by sec. 3376, Rev. Stat. It follows the facts stated in the petitions constitute causes of action, and the lower court was in error in sustaining demurrers on that ground.

The judgment is reversed, with cost. The demurrers are overruled, and defendants held to answer.

*Willis Bacon*, for plaintiff.

*McCauley & Weller*, for defendant.